**Leonard D. DuBoff, OSB No. 774378**
lduboff@dubofflaw.com
The DuBoff Law Group, P.C.
6665 SW Hampton Street, Suite 200
Portland, Oregon 97223
Telephone: 503-968-8111
Fax: 503-968-7228
 Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COILHOSE PNEUMATICS, INC., a New Jersey corporation doing business in Oregon as Freelin-Wade Company,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MILTON INDUSTRIES, INC., a Delaware Corporation,<br>　　　　　　Defendant. | Civil Case No.<br><br>**COMPLAINT (Lanham Act)**<br><br>**DEMAND FOR JURY TRIAL** |

　　Coilhose Pneumatics, Inc. ("Plaintiff" or "Coilhose") brings this action against defendant Milton Industries, Inc. ("Defendant" or "Milton") based on the following allegations:

JURISDICTION AND VENUE

1.

　　This is an action for trademark infringement in violation of Section 43(a) of the Lanham Act (15 USC § 1125(a)).

2.

　　This Court has federal subject matter jurisdiction over this action under 15 USC

§ 1121 and 28 USC §§ 1331 and 1338, because it involves substantial claims arising under the Lanham Act.

3.

Venue and personal jurisdiction are proper in this judicial district under 28 USC § 1391(b) in that a substantial part of the events giving rise to the claims in this action occurred in this District, and Milton is doing business in the District.

## PARTIES

4.

Coilhose is a corporation organized under the laws of the State of New Jersey. Coilhose does business in Oregon under the registered assumed business name Freelin-Wade Company.

5.

Milton is a Delaware corporation, with its principal place of business in Chicago, Illinois. Coilhose is informed and believes, and based thereon alleges, that Milton conducts business within the State of Oregon on a regular basis.

## FIRST CLAIM FOR RELIEF

(Federal Trademark Infringement and Unfair Competition under 15 USC § 1125 (a))

6.

Since at least as early as 1995, Coilhose has sold pneumatic hose couplings under the MEGAFLOW trademark. It has used the MEGAFLOW trademark continuously in interstate commerce since that time. Plaintiff's MEGAFLOW products are sold in stores throughout the United States and advertised on its website, http://coilhose.com/, third-party websites such as https://www.amazon.com.

7.

Coilhose has invested substantial time, effort and financial resources promoting its MEGAFLOW trademark in connection with the marketing and sale of its goods in interstate

commerce. The MEGAFLOW trademark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality products and its goodwill. The consuming public recognizes the MEGAFLOW trademark and associates it with Plaintiff.

8.

Coilhose is the sole owner of the common law trademark MEGAFLOW and has used the MEGAFLOW trademark in interstate commerce for more than 20 years.

9.

For some time prior to 2017, Milton had been selling its coupling device under the "HI-Flo V-Style" name. Subsequently, well after Coilhose began using its MEGAFLOW mark, Milton adopted and began using the identical trademark MEGAFLOW in interstate commerce in connection with that competing pneumatic hose coupling device. Defendant's MEGAFLOW products are sold through its website, http://www.miltonindustries.com and third party websites, including but not limited to https://www.amazon.com. Plaintiff is informed and believes and thereon alleges that Defendant's goods are advertised and sold in stores throughout the United States.

10.

On information and belief Coilhose alleges that Milton knew, prior to the date of first sale of its MEGAFLOW pneumatic hose couplings, that Coilhose was a prior user of the MEGAFLOW trademark in connection with pneumatic hose couplings.

11.

Milton applied for federal registration of the standard character mark MEGAFLOW (Serial No. 87418984) and the word MEGAFLOW in stylized form (Serial No. 87418994). The marks in these applications consist of or comprise marks which resemble Coilhose's

MEGAFLOW trademark and are likely, when used on or in connection with Defendant's products, to cause confusion, or to cause mistake, or to deceive.

12.

Coilhose has not authorized Milton to use its MEGAFLOW trademark.

13.

Defendant's use in commerce of MEGAFLOW in connection with pneumatic hose couplings is likely to lead the public to conclude, incorrectly, that its goods originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public.

14.

On information and belief, Defendant has engaged in its infringing activities despite having actual knowledge of Plaintiff's use of the MEGAFLOW mark. On information and belief, Defendant has advertised and offered its goods for sale using the MEGAFLOW mark with the intention of misleading, deceiving or confusing consumers as to the origin of its goods and trading on Plaintiff's reputation and goodwill.

15.

On July 21, 2017, Coilhose, through its attorney, sent a letter to Milton demanding that it cease use of the MEGAFLOW mark (See exhibit 1). On July 25, 2017, Milton's attorney responded to that letter (See exhibit 2).

16.

Although Coilhose has, through its attorney, requested that Milton withdraw its trademark applications and cease using the MEGAFLOW trademark, Milton has refused (see exhibit 3).

17.

Defendant's unauthorized use of the MEGAFLOW trademark in interstate commerce as

described above constitutes trademark infringement and unfair competition under 15 USC § 1125(a) and is likely to cause consumer confusion, mistake or deception.

18.

Defendant's unauthorized marketing and sale of its products in interstate commerce using the MEGAFLOW mark constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendant's products as originating from or being connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce in violation of 15 USC § 1125(a).

19.

As a direct and proximate result of Defendant's trademark infringement and acts of unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits, reputation and goodwill, and Defendant has and will continue to unfairly acquire income, profits, reputation and goodwill.

20.

Defendant's use of MEGAFLOW will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

**JURY DEMAND**

Coilhose demands a trial by jury.

**RELIEF SOUGHT**

WHEREFORE, Coilhose respectfully requests that this Court enter an Order granting it the following relief:

A. Entering a judgment that Plaintiff's MEGAFLOW trademark has been and continues to be infringed by Defendant in violation of 15 USC § 1125(a);

B. Entering a judgment that Defendant's use of its MEGAFLOW trademark constitutes federal

unfair competition in violation of 15 USC § 1125(a);

    C. Permanently enjoining and restraining the Defendant and each of its agents, employees, officers, attorneys, successors, assigns, affiliates and all others in privity or active concert or participation with any of them from using the trademark MEGAFLOW or any other designation alone or in combination with other words or symbols, as a trademark, trade name component or otherwise, to market, advertise, distribute or identify Defendant's products where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's mark;

    D. Pursuant to 15 USC § 1116(a), directing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

    E. Pursuant to 15 USC § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, deliver up and destroy all products, devices, literature, advertising, labels and other material in their possession bearing the infringing designation;

    F. Pursuant to 15 USC § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendant any trademark registration for its MEGAFLOW mark or any combination of words or symbols that would create a likelihood of confusion, mistake or deception with Plaintiff's mark, including but not limited to Defendant's trademark applications Serial Nos. 87418984 and 87418994;

    G. Awarding Plaintiff all damages it sustained as a result of Defendant's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 USC § 1117;

    H. Awarding Plaintiff all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled, after an accounting pursuant to 15 USC § 1117;

    I. Awarding treble damages and profits pursuant to 15 USC § 1117(b) because Defendant's conduct was willful within the meaning of the Lanham Act;

J. Awarding Plaintiff its attorneys' fees and costs pursuant to 15 USC § 1117, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions; and

K. Granting Plaintiff such other and further relief as this Court deems just and proper.

DATED: August 17, 2017

**THE DUBOFF LAW GROUP, PC**

_____
Leonard D. DuBoff, OSB # 774378
lduboff@dubofflaw.com
6665 SW Hampton St., Ste. 200
Portland, OR 97223
Telephone: (503) 968-8111
Facsimile: (503) 968-7228
Of Attorneys for Plaintiff